**94–2706. State ex rel. Cotton v. Ney.**
Hamilton App. No. C–940951. This cause is pending before the court as an appeal from the Court of Appeals for Hamilton County. It appears from the records of this court that appellant has not filed a merit brief, due February 13, 1995, in compliance with the Rules of Practice of the Supreme Court and therefore has failed to prosecute this cause with the requisite diligence. Upon consideration thereof,

IT IS ORDERED by the court that this cause be, and hereby is, dismissed *sua sponte*, effective February 19, 1997.

*Monday, February 24, 1997*

## MISCELLANEOUS DISMISSALS

**97–377. State ex rel. Montgomery v. Marcelain.**
In Mandamus and Prohibition. This cause originated in this court on the filing of a complaint for writs of mandamus and prohibition and was considered in a manner prescribed by law. Upon consideration thereof,

IT IS ORDERED by the court that this cause be, and hereby is, dismissed, effective February 21, 1997.

DOUGLAS, J., would defer consideration until the response of respondents is received.

*Tuesday, February 25, 1997*

## MOTION DOCKET

**96–285. State v. Eley.**
Mahoning App. No. 87 C.A. 122. Upon consideration of the motion for stay of execution of death sentence pending the timely filing and final disposition of a petition for a writ of certiorari in the United States Supreme Court and the motion for stay during pendency of post-conviction remedies, and it appearing from the exhibits to the motion that a petition for post-conviction relief has been filed by appellant with the Mahoning County Common Pleas Court,

IT IS ORDERED by the court that said motions be, and the same are hereby, granted.

IT IS FURTHER ORDERED by the court that compliance with the mandate and execution of sentence be, and hereby are, stayed pending the timely filing of the petition in the Supreme Court of the United States.

IT IS FURTHER ORDERED that if such petition is timely filed, this stay shall continue for an indefinite period pending final disposition of this cause by the Supreme Court of the United States.

IT IS FURTHER ORDERED by the court that this stay shall remain in effect until exhaustion of all state post-conviction proceedings, including any appeals.

IT IS FURTHER ORDERED that counsel for the appellant and for the appellee shall notify this court upon a final disposition by the Supreme Court of the United States or when all proceedings for post-conviction relief before courts of this state have been exhausted, whichever occurs later.

## MISCELLANEOUS DISMISSALS